## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE T.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 10367 |
| v. | ) | |
| | ) | Magistrate Judge |
| FRANK BISIGNANO, | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Nicole T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [19] is denied, and the Commissioner's cross-motion for summary judgment [22] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.    PROCEDURAL HISTORY

On June 7, 2023, Plaintiff filed a claim for DIB, alleging disability since October 31, 2015. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held an online video hearing on May 2, 2024. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended her alleged onset date to May 26, 2021.

On June 7, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the period from her amended alleged onset date of May 26, 2021 through her date last insured of December 31, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the right knee; headaches; fibromyalgia; osteoarthritis with history of sacroiliitis; obesity;

post-traumatic stress disorder (PTSD); attention deficit hyperactivity disorder (ADHD); anxiety; and depression. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that, through the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: could lift up to 10 pounds occasionally and less than 10 pounds frequently; could stand or walk for up to 2 hours per 8-hour workday and sit for at least 6 hours per 8-hour workday, with normal breaks; could never climb ladders, ropes, or scaffolds; could occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl; could frequently reach, handle objects (gross manipulation), and finger (fine manipulations); must have avoided concentrated exposure to noise louder than that which would be experienced in a grocery store; must have avoided all exposure to dangerous moving machinery and must have avoided all exposure to unprotected heights; work was limited to simple and routine tasks; could not perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; was limited to no interaction with the public in the work setting; and was limited to only occasional interaction with co-workers. At step four, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a photomapping technician. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could have

performed jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act.

## **DISCUSSION**

### I.    **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.    ANALYSIS

Plaintiff argues that the ALJ's decision was erroneous because the ALJ's consideration of her fatigue and daytime sleepiness was not supported by substantial evidence. ([19] at 6-10.) In actuality, the ALJ considered Plaintiff's fatigue throughout his decision. The ALJ noted that Plaintiff's "depressive symptoms include having a depressed mood, diminished pleasure in activities, and fatigue/loss of energy." (R. 29.) The ALJ further noted that Plaintiff complained of fatigue in May 2020, June 2021, October 2022, and April 2024. (*Id.* at 28-30.) The ALJ ultimately accommodated Plaintiff's fatigue in his RFC assessment. Specifically, the ALJ explained that "tak[ing] into account that [Plaintiff] may have some fatigue from obstructive sleep apnea," she "must have avoided all exposure to

dangerous moving machinery and must have avoided all exposure to unprotected heights, protectively, as a safety precaution." (*Id.* at 33.)

Given the ALJ's explicit analysis of Plaintiff's issues with fatigue, the Court finds that the ALJ adequately considered and accounted for Plaintiff's symptoms of fatigue and daytime sleepiness. *See Michele M. v. Kijakazi*, No. 20 CV 7749, 2023 WL 3479182, at *3 (N.D. Ill. May 16, 2023) ("This is not a case in which the ALJ failed to grapple with the evidence. Instead, she considered and weighed the evidence and assessed an RFC supported by substantial evidence. The court therefore finds that the ALJ sufficiently evaluated Michele's chronic fatigue, edema, and OCD and adequately accounted for them in the RFC analysis."); *Georgia K. v. O'Malley*, No. 23-CV-02179, 2025 WL 240974, at *4 (N.D. Ill. Jan. 17, 2025) ("The Court is thus satisfied that the ALJ considered Plaintiff's fatigue in her assessment of Plaintiff's associated work-related limitations. No remand is necessary on this basis."); *Carol N. B. v. O'Malley*, No. 22 C 6921, 2024 WL 325328, at *8 (N.D. Ill. Jan. 29, 2024) ("Moreover, the ALJ accounted for any fatigue Carol experience[d] by finding that she could not operate a motor vehicle as part of a job."). Plaintiff contends that remand is required because "both objective and subjective evidence of record documenting the impact of [Plaintiff's fatigue and daytime sleepiness] during the relevant time period make plain that the symptoms contributed to her impairment." ([19] at 6.) Similarly, Plaintiff asserts that "the evidence of record suggests that these symptoms would cause her off-task behavior." (*Id.* at 8.) The Court must decline Plaintiff's invitations to reweigh the evidence in relation to her

fatigue symptoms. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Accordingly, the Court finds Plaintiff's sole argument for remand unavailing.

## <u>CONCLUSION</u>

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse or remand the Commissioner's decision [19] is denied, and the Commissioner's cross-motion for summary judgment [22] is granted.

**SO ORDERED.**                                ENTERED:


**DATE:**   __**June 23, 2025**__           _____
                                            **HON. DANIEL P. McLAUGHLIN**
                                            **United States Magistrate Judge**